STATE of Iowa, Appellee,

v.

Russell Clifton JOHNSON, Appellant.

No. 57284.

Supreme Court of Iowa.

Aug. 29, 1975.

Bruce E. Cornell, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., and Louie F. Beisser, Webster County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

LeGRAND, Justice.

This appeal presents only one issue, an evidentiary matter concerning the admission of certain physical evidence seized by police officers at defendant's residence at the time of his arrest. The trial court held the items were properly admissible, and we affirm.

The question was first raised by an unsuccessful motion to suppress and was later renewed during trial when the disputed items were offered as exhibits.

The evidence discloses that David Rohrer and Terry Claborn occupied an apartment together in Fort Dodge. On the evening of December 8, 1973, defendant, with whom they were acquainted, stopped by the apartment, and the three visited for a short period. Defendant then produced a gun and announced he was robbing the other two. He compelled them to carry a TV set, a radio and tape player, a turntable, a speaker and a set of earphones to his car. He then left with the stolen articles.

The two victims immediately reported the robbery to the Fort Dodge Police Department, and a warrant was issued for defendant's arrest. With the help of Rohrer and Claborn, Iowa Highway Patrolman Weiland later located defendant's residence. He called in for additional officers to help in making the arrest. When they arrived, the men stationed themselves strategically about the house to prevent defendant's escape. Weiland then directed the headlights of his car toward the house and announced over his public address system that they had a warrant for defendant's arrest, demanding that he turn the lights on in the house. Getting no immediate response, Weiland repeated his message, adding that the house was surrounded. Almost immediately part of the house was lighted up and defendant came to the door. He was only partially dressed. He indicated by gesture he wanted permission to complete dressing. Officer Weiland told him he could do so but

ordered him to leave the door open, which he did.

Officer Weiland and several other officers then entered the house and took defendant into their physical custody. At the same time they seized several items identified by one of the robbery victims (who was there present) as having been stolen by defendant. These items—a turntable, a speaker, earphones and a TV set—were plainly visible after the officers entered the house and, perhaps, even from the porch before they did so.

The officers had no search warrant when the property was taken. Defendant alleges the seizure resulted from an unreasonable search in violation of Amendment 4 of the federal Constitution. We hold seizure of this evidence was proper and that the trial court correctly allowed it to be admitted at defendant's trial.

■ Of course, it is only unreasonable searches and seizures which are constitutionally proscribed. Ordinarily a search warrant issued on probable cause is a *sine qua non* to a legal search; but there are some situations in which peace officers may act without such prior authority. See *State v. Jackson*, 210 N.W.2d 537, 539 (Iowa 1973) and citations.

The conduct of the officers in seizing the items above described comes within two of these exceptions. It was permissible either under the "plain view" doctrine or as reasonably incident to defendant's arrest. The key fact in our determination is the officers' right to enter defendant's house without a search warrant.

■ Considering the latter ground first, we hold the entry was legal under the circumstances presented by this record whether the arrest was made when defendant first appeared at the door of his home or later within the house itself. We do not deem the few intervening minutes to be of material significance. Rather, we consider the events beginning with the demand that defendant surrender and terminating when

he was taken into custody to be a continuing procedure which, taken in its entirety, constituted a valid arrest. Although defendant's liberty was restricted as soon as he answered the officer's call and the arrest might be considered complete then, such questions are not determined with stop-watch precision. See *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134, 139 (1959); *United States v. Skinner*, 412 F.2d 98, 102, 103 (8th Cir. 1969); *Feguer v. United States*, 302 F.2d 214, 245 (8th Cir. 1962); *United States v. Cangelose*, 230 F.Supp. 544, 550 (N.D.Iowa 1964).

The following appears in *Skinner*, where it was claimed a search was not incidental to an arrest because it was allegedly made several minutes before the defendant was formally taken into custody:

"The government contends that the police officer had probable cause to arrest the defendant and the fact that the search may have preceded the formal arrest by a few moments is irrelevant. We believe its position is a sound one.

"  *  *  *

"The search is valid whether it took place moments before or moments after the arresting officer took the suspect into actual custody or announced his intention of doing so.  *  *  * "

A similar statement may be found in *United States v. Clemons*, 503 F.2d 486, 488 (8th Cir. 1974). The standards by which a search and seizure are to be measured cannot be couched in fixed and inflexible terms. Each case must be decided on its own facts and circumstances. *State v. King*, 191 N.W.2d 650, 654 (Iowa 1971).

Several federal cases have recently discussed the circumstances under which a warrantless entry into a dwelling house may be made when there is probable cause to make an arrest. (Probable cause to arrest is conceded in the present case.)

■ Recognizing it is unreasonable and unrealistic to say peace officers must wait outside while a suspect remains secure in-

side his home, free to arm himself, destroy evidence, or plan an escape, the courts have listed six criteria which are important in deciding if a warrantless entry into one's dwelling house may be made to effect an arrest based on probable cause. All are present here, in greater or lesser degree. These standards are:

(1) a grave offense is involved;

(2) the suspect is reasonably believed to be armed;

(3) there is probable cause to believe the suspect committed the crime;

(4) there is strong reason to believe he is on the premises;

(5) there is a strong likelihood of escape if not apprehended; and

(6) the entry, though not consented to, is peaceable. See *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782, 787 (1967); *Salvador v. United States*, 505 F.2d 1348, 1351 (8th Cir. 1974); *Dorman v. United States*, 140 U.S.App.D.C. 313, 435 F.2d 385, 392–393 (1970).

We hold the officers legally entered defendant's dwelling house to complete his arrest and that they were justified in taking possession of the property in question as an incident thereto. See *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771, 775 (1974).

Our conclusion makes it unnecessary to discuss "plain view." However, deciding as we do, that the officers were rightfully in defendant's house, we necessarily hold the seizure was proper under that doctrine, too. See *State v. Davis*, 228 N.W.2d 67, 70 (Iowa 1975).

The judgment is affirmed.

Affirmed.