STATE of Iowa, Appellee,

v.

Dewayne Allen JONES, Appellant.

No. 61332.

Supreme Court of Iowa.

Jan. 24, 1979.

Rehearing Denied March 15, 1979.

Philip B. Mears, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Faison T. Sessoms, Jr., Asst. Atty. Gen., and Eugene J. Kopecky, County Atty., for appellee.

REES, Justice.

Defendant was charged by county attorney's information with the crime of breaking and entering in violation of § 708.8, The Code, 1977. Following the entry of his plea of not guilty, he was tried to a jury, convicted, sentenced and appeals. We affirm.

Specifically, the defendant was charged with having broken and entered a Hy-Vee grocery store in Cedar Rapids shortly after midnight on August 3, 1977. It was asserted that he gained entrance into the store by breaking the glass of a front door with a broom. A baker who was working in the store heard the sound of breaking glass,

went to investigate, saw a man leaving the store through the broken door and pursued the individual across the parking lot but no farther.

The investigating police officers were furnished the name of a suspect by an informant, one Michael Grow. Grow told the police that Jones could be located at a certain house on Johnson Avenue in Cedar Rapids, of which his sister Linda Robertson was a tenant, and represented to the police that in her absence he was in charge of the apartment. The officers then went to the police station and obtained a picture of the suspect from police files, together with pictures of several other persons who fit the same general description, and showed the pictures to the baker at the store who picked out the picture of Jones. The police proceeded to the apartment and were admitted by Grow.

Ms. Robertson's co-tenant, Mindy Carpenter, had been dating defendant Jones. She was asleep in her bedroom at the time the police entered the apartment. Ms. Robertson, Grow's sister, testified at trial that Grow "stayed off and on" at her house; further stating, "he'd stay like two or three days at a time; and then I wouldn't see him for a couple of weeks, just a come and go type of thing." Although Grow had been present in the apartment the day before the alleged breakin, he had not stayed there during the preceding two months.

After Grow admitted the police to the apartment, he directed them to a closet in Ms. Carpenter's bedroom where Jones was found and placed under arrest. Approximately an hour had elapsed between the time of the initial investigation by the police and the time they went to the apartment.

Initially, defendant's counsel moved to suppress the testimony of the arresting officers having to do with their observations of the circumstances surrounding the arrest of the defendant, based upon claimed violation of defendant's Fourth Amendment rights, applicable to the states through the Fourteenth Amendment, and Article I of § 8 of the Iowa Constitution. Defendant alleged that the warrantless arrest had been made without probable cause, and that even if probable cause existed no exigent circumstances had been shown to justify the police's failure to obtain an arrest warrant. Following an evidentiary hearing, the trial court overruled defendant's motion to suppress, holding there was probable cause to make a warrantless arrest of the defendant; that exigent circumstances existed; and that the officers had been admitted to the apartment by someone who appeared to have authority to admit them.

At trial, prior to the testimony of the arresting officers, defendant's counsel renewed the objections which had been set out in his motion to suppress and was again overruled. The officers then testified that defendant had been found in a bedroom closet at the house on Johnson Avenue, had a fresh laceration on his arm which required stitches, and did not appear to be intoxicated at the time of his arrest. Defendant's counsel appeared to be attempting to establish an intoxication defense for the defendant. The defendant claims that the testimony by the police officers was the result of an illegal arrest, that there had been no valid consent to justify a warrantless entry to effectuate the warrantless arrest.

The defendant states the following issues for our review:

(1) That the trial court erred in ruling that an occasional house guest in an apartment, who is a brother of a co-tenant thereof, had authority to consent to the entry of police officers into the apartment.

(2) That if there were not a valid consent to the search, that there were no exigent circumstances to excuse or relieve the police officers from obtaining an arrest warrant or a search warrant prior to their entry into the apartment where the suspect was believed to be.

Because our resolution of the second stated issue is dispositive of this appeal, it is

unnecessary to determine the first numbered issue.

We hold the officers had probable cause to make a warrantless arrest of defendant and because exigent circumstances existed they had authority to enter the apartment without a search warrant and search for and arrest defendant.

I. The primary focus of this case is on the validity of the warrantless arrest at a dwelling place in the early hours of the morning. There was a warrantless entry into the apartment and a warrantless arrest of defendant. Neither an arrest warrant nor a search warrant had been obtained by the police officers. The officers intended to arrest the defendant when found. Until such time, the officers were involved in a search. The dual nature of the police activities in instances analogous to the present was clearly set out in *Morrison v. United States*, 104 U.S.App.D.C. 352, 355, 262 F.2d 449, 452:

> "The officers entered the house to make a search. It was, to be sure, a search for a person rather than the usual search for an article of property, but it was a search. The officers made this indubitably clear in their testimony; they went into the house to look for Morrison. It is true they intended to arrest him if they found him, and so the ultimate objective was an arrest."

■ Generally, a search warrant issued by a neutral magistrate is required before a private residence may be searched unless a valid consent to the search and entry of the place to be searched has been given to the police, *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242; *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854; *State v. Shane*, 255 N.W.2d 324 (Iowa 1977), or exigent circumstances exist.

II. The State contends that so long as there was probable cause to believe that the defendant had committed the felony of breaking and entering, the warrantless entry into the apartment is constitutionally valid, being justified by the "exigent circumstances" standards set forth in *State v. Johnson*, 232 N.W.2d 477 (Iowa 1975), first enunciated in *Dorman v. United States,* 140 U.S.App.D.C. 313, 435 F.2d 385 (1970).

No real dispute exists that the officers had authority to make a warrantless arrest of defendant. Sec. 755.4(3), The Code, 1977, *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). The only dispute is whether they had authority to enter the Carpenter-Robertson apartment to make that arrest. This dispute involves the law of search and seizure. *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *United States v. Santana*, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); *Dorman v. United States, supra*, 435 F.2d 385 (1970); *State v. Johnson*, 232 N.W.2d 477 (Iowa 1975).

■ Our review is de novo consisting of an independent evaluation of the relevant circumstances in their entirety. *State v. Iowa Dist. Ct. in and for Johnson Cty.*, 247 N.W.2d 241, 245 (Iowa 1976).

The officers obviously had probable cause to believe defendant was in the apartment. Exigent circumstances existed which authorized the officers to enter the apartment without a search warrant.

■ The guidelines for finding exigency, as set out by the Court of Appeals in *Dorman v. United States, supra*, 140 U.S.App. D.C. at 320–321, 435 F.2d at 392–393, focus on whether:

(1) a grave offense is involved;

(2) the suspect is reasonably believed to be armed;

(3) there is probable cause to believe the suspect committed the crime;

(4) there is strong reason to believe he is on the premises;

(5) there is a strong likelihood of escape if not apprehended; and

(6) the entry, though not not consented to, is peaceable.

The *Dorman* guidelines were adopted by this court in *State v. Johnson*, 232 N.W.2d at 479–480, with the following discussion:

> Recognizing it is unreasonable and unrealistic to say peace officers must wait outside while a suspect remains secure inside his home, free to arm himself, destroy evidence or plan an escape, the courts have listed six criteria which are *important* in deciding if a warrantless entry into one's dwelling house may be made to effect an arrest based on probable cause. (Emphasis added.)

*Johnson* does not state the six listed criteria are conditions precedent, but states they are *important* in deciding if a warrantless entry into one's dwelling house may be made to effect an arrest based on probable cause. Neither *Johnson* nor *Dorman* holds that all of those factors must be present.

The record demonstrates satisfaction of those criteria.

■ As to the first factor, breaking and entering is a serious offense, a felony bearing a ten-year prison sentence. The societal interest in the apprehension of suspected felons is considerable, if not singularly compelling. Second, the police could reasonably believe defendant was armed. Defendant had a prior arrest file and was suspected of commission of a felony involving use of force. In satisfaction of the third criterion, probable cause existed to believe defendant committed the crime. Fourth, there was strong reason to believe defendant was on the apartment premises from the information from Michael Grow. Fifth, there was strong likelihood defendant would escape if not apprehended. Defendant had fled from the scene of the crime and may have considered continued flight in his best interest.

Finally, entry was peaceable whether or not supported by constitutional authority to consent. The *Dorman* opinion notes that this criterion relates to the reasonableness of the police conduct, 140 U.S.App.D.C. at 321, 435 F.2d at 393. The police conduct in the case at bar was reasonable, based upon an apparently (to them) valid consent to their entry. No violent or stealthful means were used to effectuate admittance or arrest. The intrusion involved minimal, if any, risk to the physical security of the inhabitants, and was peaceful and reasonable under the circumstances.

We thus conclude the crime involved to be a felony of a serious societal concern and the police entry to have been peaceful, meeting the first and sixth of the *Dorman* criteria as stated in *State v. Johnson, supra.* When combined with the information possessed by the police regarding force used in the crime, the identity and location of the suspect, as well as probable cause to believe the defendant to have committed the breaking and entering, the *Dorman* criteria are met and a finding of exigent circumstances can be derived. We draw no conclusion as to the quantum of *Dorman* criteria which need be found to conclude that exigent circumstances exist, each case turning upon its particular facts. See *Johnson, supra,* at 479–480. The trial court did not err in finding that the warrantless entry of the Robertson-Carpenter apartment was a reasonable search under the Fourth Amendment and Article I, Section 8, of the Iowa Constitution due to the presence of exigent circumstances.

In summation, we hold that:

(1) the police officers had probable cause to arrest defendant for the break-in and no arrest warrant was required under Sec. 755.4.

(2) exigent circumstances existed under the *Johnson* criteria and no search warrant was necessary for the search for defendant under the Fourth Amendment and Iowa Constitution, Art. I, Sec. 8.

Due to such justification, the officers were lawfully present in the apartment. Therefore, the defendant's motion to suppress testimony concerning the circumstances of his arrest was properly overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

All Justices concur.