**STATE of Iowa, Appellee,**

v.

**Ray Hubert BROWN, Jr., Appellant.**

**No. 65316.**

Supreme Court of Iowa.

Aug. 26, 1981.

Scott D. Rosenberg, State Appellate Defender's Office, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Michael Jordan, Asst. Atty. Gen., and James C. Bauch, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

McGIVERIN, Justice.

Ray Hubert Brown, Jr., appeals his conviction for first-degree robbery. § 711.1, .2, The Code 1979. He claims the trial court erred in overruling his motion to suppress evidence resulting from an allegedly unconstitutional entry and search of a house in which he was found. U.S.Const. Amend. IV; Iowa Const. Art. I, § 8. We affirm.

Shortly before 11:00 p. m. on January 23, 1980, a gas station attendant in Waterloo was robbed by a man armed with a gun. The robber fled on foot through the fresh snow. Police officers responded within minutes, got a description of the robber, and followed the tracks several blocks to the rear door of a residence. They did not know the name of the robber. The officers knocked on the front door and when an occupant opened the door, they entered. The officers stated there had been a robbery and they wanted to search for the suspect. The entry was peaceable. Several persons watching television told the officers they were the only ones in the house. Police searched the house for suspects and found Brown in an upstairs bathroom. While upstairs, they also found a pair of wet shoes on a bedroom floor. Brown was taken to the station attendant, who identified him as the robber. Police returned to the residence. The owner, Dorothy Brown,

a cousin of defendant, signed a consent-to-search form. The police then searched the house. They found a gun, sunglasses and a coat. These items matched a description given by the station attendant of things worn or used by the robber. In addition, they found money with paint on it similar to that taken by the robber from the station.

Brown filed a pretrial motion to suppress evidence resulting from the warrantless entry into the home. He claimed that the police did not have probable cause to believe that Brown or the items of physical evidence were in the home and that exigent circumstances for the initial search did not exist. He claims that if the initial entry was unconstitutional, all evidence seized, even that found in the search consented to by Dorothy Brown, should be suppressed. After an evidentiary hearing, the trial court overruled the motion. Brown was convicted after jury trial. The adverse ruling on the motion to suppress preserved error for our review. *State v. Hilpipre*, 242 N.W.2d 306, 309 (Iowa 1976).

The State does not raise any issue of Brown's standing to assert the constitutional claim. *See generally United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). We assume, therefore, that Brown had a reasonable expectation of privacy in his cousin's house. *See Steagald v. United States*, —— U.S. ——, ——, 101 S.Ct. 1642, 1645–47, 68 L.Ed.2d 38, 43–45 (1981).

The police officers did not have an arrest warrant or a warrant to search the house for suspects. They entered the home to search for suspects matching the description given by the robbery victim. The question, therefore, is whether the initial entry to search for the robber was constitutional. *See Steagald*, —— U.S. at —— n.7, 101 S.Ct. at 1648 n.7, 68 L.Ed.2d at 46 n.7; *State v. Jones*, 274 N.W.2d 273, 275 (Iowa 1979), *cert. denied*, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 259 (1980). Brown does not contend that once they found him, the officers did not have probable cause to arrest him without a warrant.

We presume that the warrantless entry was unreasonable. *State v. Holtz,* 300 N.W.2d 888, 892 (Iowa 1981). Absent valid consent or exigent circumstances, a warrantless entry into a defendant's constitutionally protected dwelling is unconstitutional. *Jones,* 274 N.W.2d at 275. *See generally, Steagald; Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). In our de novo review, the burden is on the State to justify the initial entry. *Holtz,* 300 N.W.2d at 892.

The State asserts that exigent circumstances justify the entry to search for suspects. In deciding this issue, we consider whether:

1. a grave offense is involved;
2. the suspect is reasonably believed to be armed;
3. there is probable cause to believe the suspect committed the crime;
4. there is strong reason to believe he is on the premises;
5. there is a strong likelihood of escape if not apprehended; and
6. the entry, though not consented to, is peaceable.

*Holtz,* 300 N.W.2d at 893; *Jones,* 274 N.W.2d at 275–76. Although important, these guidelines are not all-inclusive and all of them do not have to be shown before a search based on exigent circumstances is justified. *Holtz,* 300 N.W.2d at 893.

Brown concedes that many of the criteria are readily apparent here. Police had a report of an armed robbery, a class "B" felony. § 711.2. It was snowing and police followed fresh tracks from the scene to the house. Officers testified without contradiction that there was only one set of tracks leading from the scene and their spacing indicated that the person was running. The tracks led to, but did not leave, the house. It is disputed whether the occupant who answered the door consented to the entry, but it is clear the entry was peaceable.

Defendant contends that the search was illegal because there was not a strong likelihood the suspect would escape if not apprehended. At least five officers responded to the call and Brown contends they should have surrounded the house and then been issued a search warrant before entering. *See Holtz,* 300 N.W.2d at 893.

We do not conclude that the officers were constitutionally required to keep the house under surveillance and await a search warrant in this situation. The police had reason to believe that an armed robber had entered the home. Both the police and occupants could have been in danger. Moisture on the robber's shoes from the snow would dry with the passage of time, making that evidence unavailable. On hindsight, it may have been possible to obtain a warrant. However, in light of the State's strong showing of other factors establishing exigent circumstances justifying the search, we do not find surveillance of the residence to be constitutionally required. *See Warden v. Hayden,* 387 U.S. 294, 298–99, 87 S.Ct. 1642, 1646, 18 L.Ed.2d 782, 787 (1967). *Compare United States v. Calhoun,* 542 F.2d 1094, 1102 (9th Cir. 1976), *cert. denied,* 429 U.S. 1064, 97 S.Ct. 792, 50 L.Ed.2d 781 (1977) ("There were sufficient officers in the area that . . . they might have maintained surveillance while a warrant was sought") *and State v. McNeal,* W.Va., 251 S.E.2d 484, 488–89 (1979) ("Surely four of the five police officers could have guarded the personal residence while the fifth sought a warrant") *with United States v. Campbell,* 581 F.2d 22, 26 (2d Cir. 1978) (surveillance not required where there was risk of detection, possibility of destruction of evidence, and risk of "armed confrontation"). The officers were not required to wait outside the house while an armed suspect was free to plan an escape, harm the occupants or destroy evidence. *State v. Johnson,* 232 N.W.2d 477, 479–80 (Iowa 1975).

Having concluded that the initial entry and search of the home without a warrant were constitutional, we affirm the conviction. Brown does not challenge the seizure of the wet shoes or the search after the

consent form was signed if the initial entry was constitutional.[1]

AFFIRMED.

---

1. For a case with a similar factual background analyzing the consent exception to the warrant requirement, *see State v. Kelly*, 284 N.W. 236, 237–38 (Iowa 1979).