**STATE of Iowa, Appellant,**

v.

**Lonson J. LULOFF, Appellee.**

**No. 66970.**

Supreme Court of Iowa.

Oct. 27, 1982.

Thomas J. Miller, Atty. Gen., Michael K. Jordan, Asst. Atty. Gen., and Paul W. Riffel, Bremer County Atty., for appellant.

C.A. Frerichs, Waterloo, for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

The controlling issue in this case is whether there are sufficient exigent circumstances to justify police officers' entry into defendant's home to execute an arrest warrant for defendant's brother when they failed to obtain consent or a search warrant before entry. Following the entry, the arrest of defendant's brother, and the search incident to that arrest, the officers applied for and obtained a warrant to search defendant's home. On a pretrial ruling the district court suppressed evidence seized under the search warrant and the State ap-

plied for and was granted a discretionary review. We determine on de novo review that the officers incorrectly relied on the arrest warrant as authority for their initial entry, and we find no exigent circumstances to justify it. Thus, we affirm the trial court's ruling.

The defendant, Lonson Luloff, owned and at times lived in a farmhouse located in rural Bremer County. On October 22, 1980, two Waterloo police officers and a special agent of the Iowa Department of Criminal Investigation drove to Lonson's farmhouse. They were attempting to execute an arrest warrant that was issued in Black Hawk County for Toren Luloff, defendant's brother. Upon arriving at the farmhouse, the officers saw Toren standing behind a sliding glass door at the rear of the house. The officers entered the house and executed the arrest warrant. They conducted a search of the adjoining rooms and closets and discovered marijuana. A search warrant for the house was then obtained and evidence was seized to be used against the defendant.

The defendant moved to suppress the seized marijuana on the ground that the initial entry into the house was illegal. In sustaining the motion, the district court found that the officers relied on the arrest warrant as legal authority to make the entry although they knew that Toren was not a resident of his brother's house. It further found that the officers did not have consent to enter and that there were no exigent circumstances to justify entry. Consequently, it determined that the initial entry was illegal and it applied the "fruit of the poisonous tree" doctrine to suppress the evidence obtained pursuant to the subsequent search warrant.

The district court relied upon the authority of *Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), which held that absent a search warrant, consent to search, or exigent circumstances the search of a third party's home for the subject of an arrest warrant is unreasonable under the fourth amendment. The *Steagald* Court stated that the need for an

arrest warrant protects the individual from unreasonable seizure, whereas the search warrant requirement safeguards the individual's right to privacy in his home and possessions and guarantees freedom from unjustified intrusion by the police. *Steagald,* 451 U.S. at 212–13, 101 S.Ct. at 1648, 68 L.Ed.2d at 46. The Court determined that the individual's right to privacy in his home is not protected by the issuance of an arrest warrant. The Court then concluded that absent consent, a search warrant, or exigent circumstances, an officer possessing only an arrest warrant has no authority to enter the home of a third party.

The Court answered in *Steagald* a question left unresolved in *Payton v. New York,* 445 U.S. 573, 583, 100 S.Ct. 1371, 1378, 63 L.Ed.2d 639, 649 (1980). In *Payton,* the Court held that absent exigent circumstances a nonconsensual warrantless entry into a private home to effect an arrest was unconstitutional. The Court did state, however, that if an arrest warrant is issued "it is constitutionally reasonable to require [the subject of the warrant] to open his doors to the officers of the law." *Payton,* 445 U.S. at 602–03, 100 S.Ct. at 1388, 63 L.Ed.2d at 661. *Payton,* then, provides that officers may enter the home of the subject of an arrest warrant when they possess only an arrest warrant. *Steagald,* however, prohibits police officers who possess only an arrest warrant from making a nonconsensual entry into the home of a third party unless there are exigent circumstances.

Recent decisions of this court are in line with *Payton* and *Steagald. State v. Brown,* 309 N.W.2d 425 (Iowa 1981) (absent valid consent or exigent circumstances, a warrantless entry into defendant's constitutionally protected dwelling is unconstitutional); *State v. Holtz,* 300 N.W.2d 888 (Iowa 1981) (citing *Payton,* the court found invalid a warrantless and nonconsensual entry into defendant's motel room absent exigent circumstances); *State v. Mayes,* 286 N.W.2d 387 (Iowa 1979) (exigent circumstances justify warrantless entry); *State v. Jones,* 274 N.W.2d 273 (Iowa 1979), *cert. denied,* 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 259 (1980) (exigent circumstances justify war-

rantless entry into apartment); *State v. Johnson,* 232 N.W.2d 477 (Iowa 1975) (police with arrest warrant for defendant may enter his home to arrest him after he first appeared at the open door of his home, given exigent circumstances).

█ Thus, if probable cause exists, the police are not required to obtain a warrant before apprehending a suspected felon in a public place. *United States v. Watson,* 423 U.S. 411, 423–24, 96 S.Ct. 820, 828, 46 L.Ed.2d 598, 609 (1976). Possession of an arrest warrant alone is constitutionally sufficient for entry into a suspect's own residence to effect his arrest. *Payton,* 445 U.S. at 602–03, 100 S.Ct. at 1388, 63 L.Ed.2d at 661. An arrest warrant alone is not sufficient authority for entry into the home of a third party to arrest the subject of an arrest warrant; absent consent or exigent circumstances a search warrant must be obtained. *Steagald,* 451 U.S. at 206, 101 S.Ct. at 1643, 68 L.Ed.2d at 41.

██ Since there was neither a warrant directed against Lonson or his property nor consent to search, this dispute narrows to whether exigent circumstances were present that justify the officers' entry into Lonson's farmhouse. A warrantless entry is presumptively unreasonable, thus the burden is on the State to justify exigency in the initial entry. *State v. Brown,* 309 N.W.2d 425, 427 (Iowa 1981). Exigent circumstances usually involve danger, risk of escape, or loss of evidence. The following criteria are considered in determining whether exigency exists:

1. a grave offense is involved;
2. the suspect is reasonably believed to be armed;
3. there is probable cause to believe the suspect committed the crime;
4. there is strong reason to believe he is on the premises;
5. there is a strong likelihood of escape if not apprehended; and
6. the entry, though not consented to, is peaceable.

*Id.* at 427; *Holtz,* 300 N.W.2d at 893; *Jones,* 274 N.W.2d at 275–76. The cited authority indicates that these criteria are not all-inclusive, nor do they all have to be shown before a search based on exigent circumstances is justified.

■ The record demonstrates only partial satisfaction of these criteria. The officers had a warrant of arrest for Toren on a felony drug charge. Although this charge is a serious offense, there is no indication that the charge involved danger or that evidence would be destroyed. The officers knew that Toren was in the farmhouse, but there was no likelihood of escape from that building, which was removed from any houses, trees, or other obstructions. Three officers arrived at the house in midafternoon. One of these officers testified there was no physical impediment to prevent an officer from leaving to obtain a search warrant while the other two remained to ensure that Toren did not escape.

■ The State argues that the officers had to enter the farmhouse to protect themselves. They contend that Toren's quick retreat from the sliding glass door combined with the discovery of firearms near the door raised the possibility of injury to the officers. However, the testimony of the officers indicates that they entered the house solely on the authority of the warrant. One officer testified that the decision to enter was made jointly when the officers saw Toren step away from behind the glass door. It was after the officers decided to enter the house, although before the entry was completed, that one of the officers saw the firearms. The claim that firearms were seen can justify the warrantless entry only if they were seen prior to the entry. *See Ker v. California,* 374 U.S. 23, 40, n. 12, 83 S.Ct. 1623, 1633, n. 12, 10 L.Ed.2d 726, 742, n. 12 (1963). Thus, we are not persuaded that the possibility of danger affected the officers' decision to enter defendant's house.

■ Nor may the entry and search be justified on the basis of "hot pursuit." *See Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). Although hot pursuit is not limited to an extended hue and cry in the streets, the suspect must first be in a public place before the police may pursue him into a home. *United States v. Santana,* 427 U.S. 38, 42, 96 S.Ct. 2406, 2409, 49 L.Ed.2d 300, 305 (1976). In *Santana* the police saw Santana standing in the open doorway of her home. When the police approached and identified themselves Santana retreated into the vestibule of her house. The police followed through the open door and arrested her. The Court upheld the entry and arrest on the basis of hot pursuit and the real possibility that any delay would result in the destruction of evidence. Santana was in a "public" place while standing in her open doorway because "[s]he was not merely visible to the public but was as exposed to public view, speech, hearing, and touch as if she had been standing completely outside her house." *Id.* Toren, however, even though he retreated further inside the house, was at all times inside the farmhouse and not in a public place. Consequently, the officers may not claim hot pursuit as an exigent circumstance to justify their entry into the farmhouse.

■ We conclude that the State has failed to shoulder its burden of justifying the initial entry. Information gained during the illegal entry led to the discovery of evidence that formed the basis for the search warrant. The exclusionary rule bars the use of both evidence directly seized in an illegal search and evidence discovered indirectly through the use of evidence or information gained in the illegal search. *Wong Sun v. United States,* 371 U.S. 471, 484–85, 83 S.Ct. 407, 415–16, 9 L.Ed.2d 441, 453 (1963); *State v. Swartz,* 244 N.W.2d 553, 555 (Iowa 1976).

In view of this ruling, we need not consider other matters raised on this appeal.

AFFIRMED.