**STATE of Iowa, Appellee,**

v.

**Leonard GREGORY, Jr., Appellant.**

No. 67158.

Supreme Court of Iowa.

March 16, 1983.

Mark R. Lawson of Peckosh & Lawson, Maquoketa, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Michael Kane, Jackson County Attorney, for appellee.

Considered by LeGRAND, P.J.*, and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

LeGRAND, Presiding Justice.

This will supplement the opinion filed in this case on December 22, 1982, by adding to Division I thereof the following:

■ Even assuming, as defendant contends, that the police entered the home of defendant's sister without consent, we find there were exigent circumstances to support the warrantless arrest made at that time. *See State v. Holtz,* 300 N.W.2d 888, 893 (Iowa 1980); *State v. Jones,* 274 N.W.2d 273, 275–76 (Iowa 1979); and *State v. Johnson,* 232 N.W.2d 477, 479–80 (Iowa 1975). These cases recognize the following six con-

* Senior Judge.

ditions as guidelines in determining the existence of exigent circumstances:

1. A grave offense is involved;
2. The suspect is reasonably believed to be armed;
3. There is probable cause to believe the suspect committed the crime;
4. There is strong likelihood of escape if not apprehended;
5. There is strong reason to believe he is on the premises; and
6. The entry, though not consented to, is peaceable.

These criteria are important, but not indispensable, in deciding if exigent circumstances are present. *Jones,* 274 N.W.2d at 276. No one of them is conclusive, and all need not be present. *Holtz,* 300 N.W.2d at 893.

■ In the case now before us all of the above conditions are satisfied in some measure. Defendant was suspected of shooting Phil Clary. It was reasonable to believe he was armed because the weapon used in the shooting had not been recovered. There was probable cause, supplied by a witness to the crime, to believe it was defendant who shot the victim. When the police entered the house, they knew defendant was there because he was visible from the front door. There was some likelihood defendant, who had already fled from Maquoketa to Dubuque, would attempt escape to avoid arrest. Finally, entry into the house, even if arguably without consent, was admittedly peaceful.

Defendant points out the house was surrounded, and escape was not possible. Even if this were true, we refuse to say the police must stand idle and permit a fugitive who is believed to be armed the opportunity to use his weapon to escape. *Jones,* 274 N.W.2d at 276. If defendant, or another, had been killed or wounded in an abortive escape effort, we would now hear the argument that such a result could have been avoided if the police only had the good sense to arrest defendant.

Each case must be resolved on its own facts. In *Johnson* and *Jones* we found exigent circumstances were present. In *Holtz* we held the contrary. These were factual, not legal, determinations. The principles applied in all three were the same. In the present case, we conclude there were exigent circumstances to support defendant's warrantless arrest.

Our opinion of December 22, 1982, as here amended, is approved and the judgment of the trial court is affirmed.

AFFIRMED.

## ORDER

Defendant has filed a petition asking a rehearing on the opinion filed in this cause on December 22, 1982, 327 N.W.2d 218. The petition asserts error in our failure to consider whether there were exigent circumstances sufficient to justify defendant's warrantless arrest on January 2, 1981.

In order to remove any doubt concerning the result reached, we have considered and resolved this question by supplemental opinion filed today.

The petition for rehearing is denied.