# IN THE COURT OF APPEALS OF IOWA

No. 13-1218
Filed July 16, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JAMES R. THIELMAN,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Carol L. Coppola, District Associate Judge.

Defendant appeals his conviction for possession of a controlled substance (marijuana). **REVERSED AND REMANDED.**

Gerald B. Feuerhelm of Feuerhelm Law Office, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John P. Sarcone, County Attorney, and Andrea Petrovich, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Defendant appeals his conviction for possession of a controlled substance (marijuana). He contends the court should have granted his motion to suppress evidence obtained in a warrantless search of his apartment. The court denied the motion, finding the search was valid under the exigent circumstances exception. We reverse the decision of the court, finding the State has not met its burden to show the evidence was susceptible to destruction, giving rise to an exigency, and remand for further proceedings.

### I. Background Facts & Proceedings.

On December 10, 2012, at about 10:50 p.m., two police officers received a report of a strong odor of narcotics coming from an apartment in Des Moines.[1] When the officers walked inside the apartment building, they could smell marijuana, and the odor became stronger as they approached the designated apartment. The officers knocked on the door, and James Thielman answered. When the door opened, "there was an overwhelming odor of marijuana coming from the apartment." The officers noticed Thielman had red, bloodshot, watery eyes. He appeared to be under the influence of marijuana or alcohol. Thielman was verbally aggressive and yelled obscenities at the officers.

The officers were not able to see into the apartment past Thielman. They stepped into the living room of the apartment, where they saw a glass jar containing marijuana. They also saw a large water bong used for smoking marijuana, which appeared to have just been used. The officers did not have

---

[1] One of the officers had responded to similar reports of marijuana use at this apartment in the past, but on those occasions when officers knocked at the door, no one answered.

any information that there might be other people in the apartment but conducted a sweep to see if anyone else was there. The officers found two people in a bedroom. No one claimed ownership of the marijuana.

Thielman was charged with possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5) (2011). He filed a motion to suppress, claiming officers should have obtained a search warrant before entering the apartment. The State argued the search was reasonable under the exigent circumstances exception to the warrant requirement because there was a risk the marijuana could have been concealed or destroyed before officers obtained a search warrant. At the suppression hearing, evidence was presented as outlined above.

The court determined that based on the strong smell of marijuana coming from the apartment, officers had probable cause to believe an illegal drug was present. The court found, "[t]he marijuana was susceptible to destruction giving rise to exigency." The court also noted Thielman's demeanor added to the exigency of the situation. The court denied the motion to suppress.

Thielman waived his right to a jury trial, and the case proceeded to a trial before the court based on the minutes of evidence. The court determined there was sufficient evidence to find Thielman had constructive possession of the marijuana. Thielman was convicted of possession of a controlled substance (marijuana). He was sentenced to 180 days in jail, assessed a fine, and placed on probation. Thielman now appeals his conviction.

## II. Motion to Suppress.

Thielman contends the court should have granted his motion to suppress, claiming the officers' entry into his apartment violated the Fourth Amendment.[2] He asserts the factual situation in this case does not support a finding of exigent circumstances. He argues one of the officers could have stayed at the apartment while the other left to obtain a warrant.

We review constitutional issues de novo. *State v. Lowe*, 812 N.W.2d 554, 566 (Iowa 2012). "This review requires us to make an independent evaluation of the totality of the circumstances as shown by the entire record, including the evidence presented at the suppression hearings." *Id.* Because the court has the opportunity to evaluate the credibility of witnesses, we give deference to the court's factual findings but are not bound by them. *Id.*

In general, officers need a warrant in order to search a person's home. *State v. Watts*, 801 N.W.2d 845, 850 (Iowa 2011). There are certain exceptions to the warrant requirement, however, including a search based on probable cause coupled with exigent circumstances. *Id.* Our supreme court has stated:

> Just as a warrantless entry can be permissible to conduct a protective sweep, the destruction of evidence may also be an exigent circumstance when specific and articulable facts, along with any rational inferences from those facts, would lead a reasonably prudent police officer to believe that the events which are unfolding will cause evidence of crime to be "threatened with immediate removal or destruction."

---

[2] Thielman states the search violated the United States and Iowa Constitutions but does not make a separate argument regarding the Iowa Constitution, and therefore, we will not address the issues in this case under the Iowa Constitution. *See State v. Wilkes*, 756 N.W.2d 838, 842 n.1 (Iowa 2008).

*Id.* (citations omitted). The State has the burden to prove by a preponderance of the evidence that an exception is applicable. *State v. Naujoks*, 637 N.W.2d 101, 107-08 (Iowa 2001). A claim of exigent circumstances must be supported by specific, articulable grounds. *Watts*, 801 N.W.2d at 851. "The exigent-circumstances exception is important to narcotics investigations because drugs are 'easily destroyed.'" *State v. Kern*, 831 N.W.2d 149, 174 (Iowa 2013) (citation omitted).

The United States Supreme Court has determined the exigent circumstances exception is not applicable "when the underlying offense is extremely minor." *Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984) ("[A]n important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made."). The United States Supreme Court made a further distinction in *Illinois v. McArthur*, 531 U.S. 326, 336 (2001), between offenses that were "jailable" and those that are "nonjailable."

In Iowa, first offense possession of marijuana is punishable "by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment." Iowa Code § 124.401(5). Thus, in Iowa the exigent circumstances exception may apply because possession of marijuana is a jailable offense. *See State v. Legg*, 633 N.W.2d 763, 773 (Iowa 2001) (finding the exigent circumstances exception applied when the underlying offense was punishable by up to one year in jail).

The application of the exigent circumstances exception in relation to the smell of raw marijuana was discussed in *Watts*, 801 N.W.2d at 850-52. Police

officers received a report a person was selling marijuana from a certain apartment, and when they approached the apartment, the officers noticed "a strong smell of raw marijuana." *Watts*, 801 N.W.2d at 849. Alan Watts answered the door and "an overpowering odor of raw marijuana wafted out of the apartment." *Id.* The officers handcuffed Watts and detained him in the hallway. *Id.* The officers entered the apartment, where they observed marijuana. *Id.* The Iowa Supreme Court determined the search of the apartment was not valid under the exigent circumstances exception because Watts was detained outside the apartment, the officers had no information anyone else was in the apartment, and therefore, the record did not support an inference drugs were likely to be destroyed.[3] *Id.* at 851.

The State asserts the factual situation in *Watts* is distinguishable from the present case because this case involves burnt marijuana, not raw marijuana.[4] The State contends the smell of burning marijuana presents an exigent circumstance because it means the marijuana is being destroyed as it burns.[5]

---

[3] After entering the apartment and observing marijuana, the officers then obtained a search warrant. *Watts*, 801 N.W.2d at 849. The Iowa Supreme Court determined the search warrant would have been issued based on the smell of marijuana alone. *Id.* at 854. Because the officers would have found the marijuana after executing the search warrant, Watts's convictions were upheld. *Id.* at 856.

[4] The officers did not explicitly testify that what they smelled was burnt marijuana. The only raw marijuana involved in this case, however, was inside a glass jar. In stating reasons why it appeared the bong had just recently been used, an officer cited the strong odor in the apartment and dirty water in the bong, which leads to the logical conclusion that what the officers smelled was burnt marijuana resulting from the use of the bong.

[5] The State asks us to consider cases from other jurisdictions. We first note that because possession of marijuana is not a jailable offense in every jurisdiction, or even an offense at all in some jurisdictions, the cases from some other jurisdictions are not relevant to our discussion based on the holding in *Welsh*, 466 U.S. at 753. Additionally, the Seventh Circuit has recently noted that on the issue of whether the odor of burning marijuana established an exigency, "federal and state courts have been all over the map

The United States Supreme Court discussed the issue of exigent circumstances in relation to the odor of a burning controlled substance in *Johnson v. United States*, 333 U.S. 10, 12 (1948), where police officers smelled burning opium in the hallway of a hotel. After the officers knocked, the defendant opened the door, and the officers walked into her room, where they conducted a search. *Johnson*, 333 U.S. at 12. The Court held the officers should have obtained a search warrant, stating "[n]o evidence or contraband was threatened with removal or destruction, except perhaps the fumes which we suppose in time will disappear." *Id.* at 15. The court concluded, "No reason is offered for not obtaining a search warrant except the inconvenience to the officers and some slight delay necessary to prepare papers and present evidence to a magistrate." *Id.*

An Iowa case which involved burning marijuana is *State v. Ahern*, 227 N.W.2d 164, 165 (Iowa 1975). On approaching an apartment, an officer "smelled the distinctive odor of burning marijuana." *Ahern*, 227 N.W.2d at 165. After knocking on the door with no response, the officer kicked in the door, entered, and observed evidence of marijuana use. *Id.* The court noted there was no evidence anyone in the apartment saw the officers approach. *Id.* at 168. The Iowa Supreme Court determined the State had not adequately shown exigent circumstances because "there was no probability that, unless taken on the spot,

---

on this issue." *White v. Stanley*, 745 F.3d 237, 241 (7th Cir. 2014) (stating there did "not appear to be a universal, or even a majority, approach" to the issue of whether or not the smell of burning marijuana established an exigency). We therefore conclude cases from other jurisdictions may not provide much practical assistance in our consideration of this issue.

the evidence would be concealed or destroyed since the officer's presence was unknown [before he knocked]." *Id.*

A similar case is *State v. Holtz*, 300 N.W.2d 888, 890-91 (Iowa 1981), which involved illegal drugs but not marijuana. In investigating a burglary, officers went to a certain motel room, where they observed illegal drugs through a window. *Holtz*, 300 N.W.2d at 890. One of the officers stated, "it looked like defendant 'was getting ready to inject something into his body.'" *Id.* at 893. The officers knocked, and when someone opened the door, they entered the motel room. *Id.* at 891. The Iowa Supreme Court stated, "[the] defendant's possible use of a drug did not create an urgent need for officers to enter the room to prevent destruction of evidence." *Id.* at 893. The court noted there was no evidence the defendant was aware of the officers' presence, and thus there was no evidence the defendant would have felt a sense of urgency to destroy the drugs. *Id.*

We determine that based on Iowa precedent, the State has not met its burden to show the warrantless search of Thielman's apartment was justified by the exigent circumstances exception. *See Naujoks*, 637 N.W.2d at 107-08. The State has not presented any evidence to show it was probable the evidence would have been destroyed "on the spot" if the officers had not entered the apartment. *See State v. Jackson*, 210 N.W.2d 537, 540 (Iowa 1973) ("Exigent circumstances sufficient to justify a search and seizure without a warrant usually include . . . the probability that, unless taken on the spot, evidence will be concealed or destroyed."). At the time the officers walked up to the apartment, the only circumstance that was present was the smell of burning marijuana.

Thielman was inside and unaware of the presence of the officers before they knocked. In *Holtz*, 300 N.W.2d at 893, the Iowa Supreme Court found, "[the] defendant's possible use of a drug did not create an urgent need for the officers to enter the room to prevent destruction of evidence." The court cited the use of marijuana in *Ahern* and concluded, "Exigency cannot be found on this basis." *Holtz*, 300 N.W.2d at 893. Thus, we believe the smell of burning marijuana alone did not create an exigency in this case.

The State has not asserted specific and articulable grounds, beyond the smell of burning marijuana, to show it was probable evidence would be concealed or destroyed if the officers waited to obtain a search warrant. *See Watts*, 801 N.W.2d at 851. After walking up to the apartment and smelling a strong odor of burning marijuana, the officers could have obtained a search warrant on that basis alone. *See id.* at 854. At that point, there would have been ample opportunity to obtain a search warrant; someone could have been posted outside the door to guard against escape or the destruction of evidence. *See Latham v. Sullivan*, 295 N.W.2d 472, 478 (Iowa Ct. App. 1980). There was no evidence, as in *Kentucky v. King*, 131 S. Ct. 1849, 1854 (2011), that people were moving around inside the apartment, which would lead to a belief evidence was being destroyed. Also, officers had no information anyone was in the apartment who could have destroyed evidence. *See Watts*, 801 N.W.2d at 851.

We conclude the court should have granted the motion to suppress. We reverse the decision of the court and remand for further proceedings.

**REVERSED AND REMANDED.**