STATE of Iowa, Appellee,

v.

George W. BLACKMAN, Sr., Appellant.

No. 69368.

Supreme Court of Iowa.

March 14, 1984.

Rehearing Denied April 6, 1984.

 

Richard D. Crotty, Council Bluffs, for appellant.

Thomas J. Miller, Atty. Gen., Valencia Voyd McCown, Asst. Atty. Gen. and David E. Richter, County Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, CARTER, and WOLLE, JJ.

HARRIS, Justice.

Defendant appeals following his convictions of two counts of conspiracy. Count one charged him with conspiracy to commit second degree burglary; under count two he was charged with conspiracy to commit second degree theft. *See* Iowa Code § 706.1 (1981). He assigns three errors on appeal, all of which we find to be without merit. We affirm the trial court and vacate a contrary decision of the court of appeals.

Through a paid informant, police learned of a plan to steal part of a valuable collection of antique watches from a Council Bluffs home. The informant was one of those involved in the plan. The police equipped the informant with a battery-operated listening device and then followed him to defendant's home. There the informant joined defendant and a man named Weiland. The three left defendant's home together and drove to another residence. By reason of the listening device the officers were able to hear the conversation between the three conspirators and learned the details of the time and place of the planned burglary.

Later the officers organized their "coverage" of the burglary. They instructed the informant of his role. They also arranged with the intended victim to leave his house open, in order to avoid damage, and to remove the most valuable watches from his collection, replacing them with less valuable ones. The officers arranged with other officers to be available for assistance and prepared to maintain constant surveillance of defendant's residence, the victim's residence, and the suspects on the evening selected for the burglary.

On the night selected the informant was again equipped with the listening devices. The burglary took place as planned, except that Weiland remained at defendant's home, claiming he was too drunk to participate. Later that evening Jack Bonebrake, who was only then revealed as the one seeking to buy the watches, joined the burglars at defendant's home. A few minutes later the police could no longer pick up transmissions from the listening device and entered defendant's home without a warrant. They said they feared for the informant's safety. Defendant, Bonebrake, and Weiland were arrested. The house was searched, though not thoroughly, and the watches were retrieved.

A few hours later, one of the deputies applied for and obtained a search warrant under which the house was searched and more than $4,000 was found. After his arrest and before the warrant was obtained, Bonebrake told the police he had entered the home with about $4,000 in cash.

Defendant first argues the warrantless entry into his home to arrest him was unconstitutional. The police, he claims, had ample time to obtain a warrant and should have done so. He says they are not saved by exigent circumstances because there was no evidence the informant was in danger. Defendant moreover contends that any danger was known well ahead of time and should have been anticipated. The State responds that the police had probable cause to arrest defendant and a reasonable belief the informant was in danger. It is the State's position the police could not have obtained a warrant earlier because all the suspects had not yet been identified.

I. Because the officers had neither an arrest nor search warrant it is incumbent upon the State to establish for our *de novo* review exigent circumstances that justify the entry. *See State v. Luloff*, 325 N.W.2d 103, 105 (Iowa 1982).

In *State v. Holtz*, 300 N.W.2d 888, 893 (Iowa 1981), we said:

A finding of exigency for a warrantless entry to make an arrest requires consideration of whether:

(1) a grave offense is involved;

(2) the suspect is reasonably believed to be armed;

(3) there is probable cause to believe the suspect committed the crime;

(4) there is strong reason to believe he is on the premises;

(5) thers is strong likelihood of escape if not apprehended; and

(6) the entry, though not consented to, is peaceable.

[Authority.] These criteria are important but not all-inclusive. Nor do all of them have to be satisfied before an exigency can be found. [Authority.] The ultimate issue is whether an emergency or urgent need for the warrantless entry existed. A warrant was required unless " 'an immediate major crises in the performance of duty' " afforded neither time nor opportunity to apply to a magistrate. *Dorman v. United States*, 435 F.2d 385, 391 (D.C.Cir.1970).

Defendant argues there were no exigent circumstances, pointing to the period of at least two days the officers knew of the conspiracy. This was ample time, defendant suggests, to obtain the warrant. Neither was there anything unexpected about the loss of battery power. The officers had told the informant to turn off the batteries if given the chance because they were likely to go dead. And defendant points out the State should have anticipated its concern about the possibility that those inside would note there had been a substitution of watches. The substitution was carefully arranged ahead of time with the officers' knowledge.

We note there was no requirement that defendant be arrested ahead of the actual theft of the watches. Under section 706.1, an overt act is required for completion of the conspiracy. Defendant had no constitutional right to be arrested at a particular time.

Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall short of the amount necessary to support a criminal conviction. *Hoffa v. United States*, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374, 386 (1966). During the investigation the officers were uncertain of the identity of all participants. Defendant made it clear that a third person had provided him with information about the watches and was willing to pay $10,000 for them. Defendant refused, however, to disclose the identity of the third party and, although the officers suspected Bonebrake was the buyer, they were not certain. It was prudent for the officers to avoid being precipitous. If defendant were immediately arrested the third party would be free to hire others to perform the same theft.

■ The question of exigent circumstances, then, is to be determined at the point when the officers entered defendant's home to make the arrest. At the time the listening device became inoperative the officers could no longer monitor what was occurring. Bonebrake had already arrived and it was likely that he might recognize the watches were of little value and suspect he was being tricked.

At the same time there was a real possibility either defendant or Weiland was armed. During the original discussion of the plan Weiland suggested simply entering the house and threatening the victim with a gun. Although Weiland declined to participate in the burglary, he was in defendant's home and there was a distinct possibility he had access to a weapon and was willing to use it.

Defendant's strongest challenge to the claim of exigent circumstances rests on the absence of anything unexpected about the informant's dangerous situation. It is disturbing that the officers knew of the impending danger and yet failed to anticipate they might need a warrant for possible entry into the house. On the other hand we find nothing to suggest the crisis was deliberately set as a means to justify the entry. With the benefit of hindsight it might now seem the officers should have been more alert to the likely consequences of the details of their plan. But any lack of foresight did not diminish the danger faced by the informant. The officer's failure to fully anticipate the consequences of the plan cannot be said to render the circumstances any less exigent.

We think under the circumstances the officers were justified in fearing for the informant's life. Accordingly, they were not required to keep the house under surveillance while the arrest warrant was obtained. *Compare State v. Brown*, 309 N.W.2d 425, 427 (Iowa 1981).

Defendant's first assignment is without merit.

■ II. Defendant's second assignment challenges the magistrate's finding there was probable cause for the warrant issued later the same night. This assignment proceeds from his first, and falls with our determination that the entry was justified by exigent circumstances. Because of what the officers learned when entry was first made, they were able to more than justify issuance of the warrant.

■ III. We also find no merit in defendant's contention that a mistrial should have been declared on the basis of trial publicity. Defendant has not borne his burden of showing actual prejudice resulting from news articles about the case. *See State v. Marr*, 316 N.W.2d 176, 181 (Iowa 1982).

DECISION OF COURT OF APPEALS VACATED; AFFIRMED.