**STATE of Iowa, Plaintiff-Appellee,**

v.

**Ronald WILLIAMS,
Defendant-Appellant.**

No. 84–756.

Court of Appeals of Iowa.

Feb. 26, 1985.

David D. Dixon of Heslinga & Heslinga, Oskaloosa, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Steven K. Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

SNELL, Judge.

Defendant, Ronald Williams, and his friend, Scott Messamaker, arrived at defendant's trailer home which he shared with his girlfriend. They found defendant's girlfriend unconscious and after an attempt to revive her, drove her to a hospital ten miles away. At the hospital, a nurse inquired as to whether the girlfriend had taken sleeping pills and she suggested that defendant request the police to search the trailer. The defendant declined the idea and told his friend to search the trailer. The nurse subsequently notified the police, without the defendant's knowledge. Five or ten minutes after defendant's friend left the hospital to return to the trailer, the Mahaska County Sheriff arrived at the hospital. He learned from defendant that his girlfriend's grandmother took prescription sleeping pills. The sheriff telephoned her and was told that a bottle of sleeping pills was missing. Upon the friend's arrival at the trailer, seven police officers were searching the trailer without a search warrant. The police chief testified at the suppression hearing that the door to the trailer was unlocked and that the officers entered in order to find medication defendant's girlfriend might have taken. He further testified that he was aware of the fact that defendant's friend was on his way to the trailer.

A police officer testified at the suppression hearing that he searched the bedroom closet and found two vials containing a small amount of white substance. Another officer testified that he searched a woman's purse located in the living room and discovered a vial within a "cocaine kit." The search of the premises also yielded marijuana and various drug paraphernalia.

The three vials were grouped together on the police chief's laboratory submission sheet and were mailed to the Department of Criminal Investigation. The Department of Criminal Investigation designated the substances found as a single exhibit. The Department of Criminal Investigation's finding stated that the "powdered tablets" in the exhibit contained cocaine.

The defendant was charged by trial information with possession with intent to manufacture or deliver marijuana in violation of Iowa Code section 204.401(1)(b) and with possession of cocaine in violation of Iowa Code section 204.401(3). He filed a motion to suppress the items seized from his trailer on the ground that no consent or search warrant was provided for the search. The trial court overruled the motion on the basis that exigent circumstances existed justifying the warrantless search. At the close of all the evidence, the defendant moved for a directed verdict and judgment of acquittal on the ground that the State failed "to meet and carry its

burden of proof to justify a conviction." The defendant further elaborated in his motion that there was insufficient evidence to prove the intent by which he had possessed the marijuana. The court overruled defendant's motion on all grounds.

After the trial court found defendant guilty on the charge of possession of marijuana and the charge of possession of cocaine in violation of Iowa Code section 204.-401(3), the defendant filed a motion in arrest of judgment and a motion for new trial. In his motion for new trial, the defendant asserted, in part, that the trial court erred in failing to sustain his motion for directed verdict and judgment of acquittal on the cocaine possession charge since the evidence did not show defendant's possession of the seized cocaine. The trial court overruled the defendant's post-trial motions on all grounds and sentenced him to a six-month jail term on each charge.

Defendant appeals from his conviction of possession of marijuana and of possession of cocaine in violation of Iowa Code section 204.401(3). On appeal, he asserts that the trial court erred in overruling his motion to suppress evidence seized as a result of an alleged illegal warrantless search. He also asserts that there was insufficient evidence to support his conviction of cocaine possession since the State failed to show that he constructively possessed the seized cocaine.

Our scope of review is assigned error.

■ Generally, evidence seized in a warrantless search is inadmissible. *McDonald v. United States*, 335 U.S. 451, 452, 69 S.Ct. 191, 192, 93 L.Ed. 153, 158 (1948). Warrantless searches and seizures are per se unreasonable unless they come within a recognized exception to the warrant requirement. *State v. Folkens*, 281 N.W.2d 1, 3 (Iowa 1979). The burden is on the State to prove that the exigencies of the situation were so compelling that the warrantless search was reasonable. *McDonald*, 335 U.S. at 454, 69 S.Ct. at 193, 93 L.Ed. at 158.

■ The existence of exigent circumstances generally requires consideration of whether:

(1) a grave offense is involved;

(2) the suspect is reasonably believed to be armed;

(3) there is probable cause to believe the suspect committed the crime;

(4) there is strong reason to believe he is on the premises;

(5) there is a strong likelihood of escape if not apprehended; and

(6) the entry, though not consented to, is peaceable.

*State v. Hatter*, 342 N.W.2d 851, 855 (Iowa 1983).

■ The ultimate issue is whether an emergency or urgent need for a warrantless entry existed. *State v. Holtz*, 300 N.W.2d 888, 893 (Iowa 1981). The existence of exigent circumstances is to be determined at the time of entry. *State v. Blackman*, 346 N.W.2d 12, 15 (Iowa 1984).

The case at bar is distinguishable from many cases involving exigent circumstances because the police had no basis to suspect the commission of a crime when they entered the home. *E.g., Holtz*, 300 N.W.2d at 893. Rather, they entered for the purpose of finding drugs which the defendant's girlfriend might have taken.

The State argues that this entry is analogous to warrantless searches in connection with a fire investigation. The State stresses that the controlling question in determining whether the search was justified is "whether the situation was so urgent or the need compelling that it was reasonable to enter without a warrant." *McDonald*, 335 U.S. at 455, 69 S.Ct. at 193, 93 L.Ed. at 158.

■ There is little dispute that the existence of a fire provides sufficient exigency to permit a warrantless entry of a dwellingplace. *E.g., Steiglar v. Anderson*, 496 F.2d 793 (3d Cir.1974); *United States v. Perez*, 440 F.Supp. 272 (N.D.Ohio 1977). However, once the fire is extinguished, the exigency goes out with it and does not cover the fire marshall's investigation and

warrantless search thereafter. *State v. Hansen,* 286 N.W.2d 163, 167 (Iowa 1979).

 Moreover, the exigent circumstances must truly be such that urgent action is required. In *State v. Luloff,* 325 N.W.2d 103 (Iowa 1982), the existence of an arrest warrant for defendant's brother did not justify the warrantless entry of defendant's home even though the police knew defendant's brother was there. Evidence seized which incriminated defendant was properly suppressed.

In the case at bar, the exigent circumstances relied upon by the State do not relate to defendant's arrest for a prior offense, a current offense, or a search of his home for evidence of a crime committed by him. The circumstances relate solely to his girlfriend's medical condition. In that regard, there is no evidence in the record of the suppression hearing to show exactly what the nurse at the hospital told the police. The nurse did not testify. Any attempts by the police officers to repeat her statements while on the stand were properly objected to as hearsay and the objections were sustained. There is, therefore, no evidence of what the police were told and specifically whether they were told that this was a life-threatening situation.

Furthermore, the police knew that a friend of the defendant's was on his way to the trailer to search it. The hospital is approximately 12 miles from the defendant's home. Finally, defendant's girlfriend was at the hospital under medical care throughout the entire period of time during which the State claims exigent circumstances arose. The emergency room nurse asked defendant a routine question whether the patient, defendant's girlfriend, had taken some drugs. Defendant replied that he didn't know and would have no idea. Additionally, the record shows the patient's grandmother was missing a bottle of sleeping pills.

 Of course the nurse's action in calling the police to assist in solving a medical problem is entirely understandable and commendable. But a medical emergency does not automatically translate to a legal emergency. The question confronting this court is whether these facts justify: (a) a police break-in to another's home without consent or warrant when they know a friend of the homeowner is on the way to the home to search for sleeping pills; and (b) the gathering of evidence found incidental to the official purpose for the break-in of the home; and (c) the use of that evidence seized without a warrant to incriminate the homeowner.

 To sanction this result with so little factual evidence of exigency strains the concept of emergency beyond cognizance. Fourth amendment rights by this method are devoured by an amoebic distention of expediency. We therefore hold that the State failed to prove the existence of compelling exigencies that obviated the legal requirement for a search warrant. The trial court erred in failing to sustain defendant's motion to suppress evidence obtained by the illegal search.

REVERSED AND REMANDED FOR NEW TRIAL.