STATE of Iowa, Appellee,

v.

Lee Eddie DAVIS, Appellant.

No. 85–390.

Supreme Court of Iowa.

March 19, 1986.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Elizabeth E. Ciebell, Asst. Atty. Gen., William E. Davis, Co. Atty., and Martin Wozniak, Asst. Co. Atty., for appellee.

CARTER, Justice.

Defendant, Lee Eddie Davis, appeals from judgment of conviction and sentence on one count of possession with intent to deliver a schedule I controlled substance in violation of Iowa Code section 204.401(1)(a) (1983) and one count of possession of a controlled substance in violation of Iowa Code section 204.401(3) (1983). He contends that the trial court erred in failing to suppress evidence obtained when police entered his residence without a search warrant or arrest warrant. The district court determined that such entry was justified based upon exigent circumstances requiring preservation of evidence. Because we find that the determination of exigency made by the officers at or about the time of entry was reasonable, we affirm the district court.

On July 4, 1984, Officer William Thomas of the Davenport Police Department received a tip from an informant that one Guy Armstrong was in possession of a stolen automobile in the 300 block of West Twelfth Street. Thomas drove to that location and observed Armstrong, a person known to him, standing on the porch of defendant's residence at 323 West Twelfth Street. Thomas proceeded to drive by that residence and observed the stolen motor vehicle parked in an alley nearby. He then concealed his patrol car and staked out the

area hoping to catch Armstrong in the act of driving away in the stolen motor vehicle. Thomas observed Armstrong enter the residence at 323 West Twelfth. When Armstrong left the residence several minutes later and drove away in the stolen vehicle, Officer Thomas gave chase. Armstrong apparently noticed the police vehicle pursuing him and abandoned the stolen car two blocks from the Davis residence.

Officer Thomas then abandoned his police vehicle and pursued Armstrong on foot, catching him in the backyard of a house which was located near the place where the stolen car had been abandoned. While Officer Thomas was pursuing Armstrong on foot, he was observed by Officer David Spahn of the Davenport police who was driving his squad car in the area. Spahn came to Thomas's assistance, and the two officers arrested Armstrong and advised him of his *Miranda* rights. Armstrong then told the officers that he had just received a "speedball" injection of heroin and cocaine at the Davis residence. Armstrong was taken to the police department and later to a Davenport hospital to be examined concerning a possible drug overdose.

Soon after having arrested Armstrong, Thomas and Spahn telephoned an assistant Scott County attorney for advice concerning a proposed search of defendant's residence for drugs. It was agreed that the officers should enter defendant's residence and secure "the building and the people within" until a search warrant could be obtained. Thomas and Spahn together with Officer Randy Willems and Officer Mike Maxwell then proceeded to defendant's residence. They initially entered the wrong side of a duplex where another family was residing. After being advised by the occupants of this mistake, they proceeded to the other side where defendant resided. They identified themselves as police officers, and after obtaining no response, they kicked in the door.

The officers entered the residence and restrained a person on the first floor of the premises who sought to block their way.

That occupant was subsequently identified as Annie Gates. Two of the officers then proceeded to the second floor of the residence where they observed the defendant injecting something into the arm of an unidentified male person with a hypodermic syringe. Defendant, Annie Gates, and the unidentified third person were then taken to the police station. Upon the subsequent issuance of a search warrant, the officers conducted a detailed search of defendant's residence where controlled substances and other drug paraphernalia were seized.

The sole issue presented on this appeal is whether the trial court erred in denying defendant's motion to suppress evidence of what the police observed upon entering defendant's residence prior to obtaining a search warrant. More specifically, the issue is whether the facts sustain the trial court's conclusion that a warrantless entry was justified based on exigent circumstances. Both defendant and the State rely on *Segura v. United States*, 468 U.S. ——, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984) as sustaining their respective positions.

In *Segura*, the police made a warrantless entry of an apartment pursuant to a drug investigation, arrested all the occupants, and then remained within the apartment until a search warrant was obtained and executed. The opinion of the federal court of appeals, which was affirmed on appeal, had suppressed all evidence discovered following the entry and before the warrant was obtained, but had approved the use at trial of the evidence obtained after the warrant was issued. The issue considered by the Supreme Court only concerned whether the evidence obtained after the warrant had issued was the poisonous fruit of the initial warrantless entry. That issue, as framed by that court, assumed the absence of exigent circumstances. Nor did the Court pass on the validity of that portion of the holding of the federal court of appeals which required suppression of the evidence viewed by the officers following entry and prior to obtaining the warrant. For this reason, we find that *Segura* does not pro-

vide authority for the issue raised in the present case.

Notwithstanding the somewhat contradictory language found in *Vale v. Louisiana*, 399 U.S. 30, 35, 90 S.Ct. 1969, 1972, 26 L.Ed.2d 409, 414 (1970) suggesting that a warrantless entry to prevent destruction of evidence is only justified where that evidence is in the very process of destruction, several courts have approved the use of evidence obtained on a warrantless entry motivated by a reasonable belief that evidence of crime may be destroyed within the time required to obtain a warrant. *United States v. Rubin*, 474 F.2d 262, 268–69 (3rd Cir.1973) is often cited for the proposition that, in determining the existence of exigent circumstances, it may be taken into consideration "that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in the narcotics traffic." (Quoting *United States v. Manning*, 448 F.2d 992, 998–99 (2d Cir. 1971)

For the reasons recognized in *Rubin*, the court in *United States v. Allison*, 639 F.2d 792, 794 (D.C.Cir.1980) held that, where Smith, occupant of a motel room, following his arrest, told officers that the defendant, Ervin, with whom he shared the motel room, knew of Smith's arrest and would probably return to the room to retrieve a large stash of drugs and then leave town, a warrantless entry of the motel room Smith and Ervin shared was justified by exigent circumstances. In reliance on the *Allison* case, we observed in *State v. Holtz*, 300 N.W.2d 888, 893 (Iowa 1981) that "[e]xigent circumstances exist when contraband is threatened with immediate removal or destruction." We believe that this principle embraces situations where the police reasonably believe that the events which are unfolding will cause evidence of crime to be removed or destroyed.

In this regard, it has been held that, where an arrest has been made on the street near the residence of a suspected drug dealer and the officers had a legitimate basis for believing that there were persons present within the residence who were likely to be aware of the arrest and therefore might destroy evidence, a warrantless entry of the premises was permissible. *United States v. Martino*, 664 F.2d 860, 869 (2d Cir.1981); *United States v. Vasquez*, 638 F.2d 507, 530 (2d Cir.), *cert. denied*, 454 U.S. 847, 102 S.Ct. 165, 70 L.Ed.2d 135 (1981); *United States v. Baker*, 577 F.2d 1147, 1152 (4th Cir.), *cert. denied*, 439 U.S. 850, 99 S.Ct. 154, 58 L.Ed.2d 153 (1978); *United States v. Bowdach*, 561 F.2d 1160, 1168–69 (5th Cir.1977).

Defendant argues that in the present case there was no reasonable basis for the officers to believe that the defendant or Annie Gates were aware of Armstrong's arrest. In support of this contention, he points to the fact that Officer Thomas scrupulously avoided being detected by Armstrong during his stakeout of the premises and took the further precaution of communicating with the police dispatcher by telephone in order to avoid interception of police radio dispatches should persons at defendant's residence possess a police scanner. In addition, it appears that Officer Spahn came to Thomas's assistance based entirely upon his visual observations of the ensuing chase, rather than as a result of any police radio communication. The record also indicates that subsequent radio transmissions to the officers merely advised them to come to or telephone the station in order to be advised of how to proceed.

Notwithstanding the significance of the efforts by the police to avoid alerting the occupants of defendant's residence of their intended arrival, we find that they reasonably could have concluded that news of Armstrong's arrest was likely to be communicated to those occupants by friends, neighbors, associates, or others within a short period of time. To suggest that this was not a reasonable assumption is at variance with the realities of the situation with which the police were confronted. The arrest had occurred only two blocks from defendant's residence after a foot chase through the neighborhood.

We therefore hold that the present case, although somewhat different from the facts of the cited cases, presents a no less compelling set of circumstances justifying a warrantless entry of defendant's residence to prevent the removal or destruction of evidence. The district court did not err in denying defendant's motion to suppress evidence. The judgment of the district court is affirmed.

AFFIRMED.

All Justices concur except LAVORATO, J., who takes no part.